Waties, J.,
delivered the opinion of the majority of the court, viz., himself, Grijike, and Bay. That the judge at the trial had acted and laid down the law correctly, and the jury having decided in favor of the plaintiff on matters of fact, their verdict ought not to be disturbed.
Wieds, J., had been of counsel in the case, and, therefore, gave no opinion.
BeevaRd, J.,
gave his opinion as follows: In this case I am of opinion a new trial ought to be granted. This was stated to be an action of assumpsit, brought to recover back money paid for a negro slaye, who, it is alleged, the plaintiff purchased from the de. fendant as a sound negro, but who was unsound, as it was after, wards discovered. The doctrine on the subject of sales, I take to be this: Where the property sold is expressly warranted to be sound, or free from defect, there an action lies on the express warranty. So where the seller knows of the unsoundness, and latee advantage of the buyer’s ignorance of the defect, or unsound. *56 ness’to °5tain a greater price than otherwise, the buyer would have given, if he had had the same knowledge that the seller had, there an action lies for the deceit. In both these cases the seller is liable to damages for deceit. But where there is no express warranty, and where the transaction has no tincture of fraud ; where the buyer and seller are equally ignorant of the latent defect, which, at the time of the sale, is inherent in the thing sold, and which, if it had been known, would have diminished the price, and sunk the value of the article in the estimation of both parties ; there, although according to the modern decisions, an action can be maintained, but cannot be maintained for damages, as for a deceit, but on the principle of an implied warranty, or a warranty in law. In such case, the action for money had and received, is the proper remedy to recover back the money paid, as money paid by mistake, or on a consideration which has failed ; which money, according to equity and good conscience, the seller ought not to keep, but is bound to refund. Before the plaintiff can recover in such an action, however, it is incumbent on him, within a reasonable time, after the unsoundness is discovered, to give notice thereof to the seller, that he elects to rescind the contract, and return, or offer to return, the thing sold, if it is capable of being returned, or use due diligence for that purpose. Without this, the seller is not bound to consider the contract as rescinded, and,.therefore, will be warranted in retaining the price. If this be the correct doctrine on the sub ject, we should consider how far the evidence given in the present case entitled the plaintiff, upon the principles of this doctrine, to recover. There was no evidence in this case of any offer to return the negro, or of' any diligence used to make known to the seller the intention of rescinding the contract, until after the negro was dead, which was an unreasonable length of time after the sale, considering the relative situation of the parties, and other circumstances. Nor was any evidence adduced to prove how much money was paid for the negro ; and, of consequence, how much the plaintiff was entitled to recover. If the action had been for damages for the deceit, the jury would not have been restrained to any particular sum ; and, therefore, might have regulated the quantum in some degree by what the buyer might he supposed to have given ; but where the action is to recover back the money paid, and not for damages for an imposition intentionally committed, it seems to me clear, that the price or sum paid, ought to be certainly proved, at least, so satis, factorily as to satisfy the jury that so much was actually paid, and pot less.
Note. Warranty cannot be tiled in an action of assumpsit, for money had and received. (Jowp 819. But plaintiff may declare in assumpsit, on the express warranty-. Doug. 18.. To maintain assumpsit on 'an express warranty, it is not necessary the thing purchased should be'returned, or notice of the de-fsetgiven to the seller. 1 fct. hi. Rep. !7. 1 Esp Dig 13 Selling for a sound price, without warranty, a ground for assumpsit Doug 20 But in stlch case, it ought to be laid, that the defendant knew of the unsoundness 16. Quare. If necessary to lay it, uec-’ssary to prove it. Therefore, deceit must be proved ? Scienter, not necessary with us, in implied warranties. Trespass on the case lies lor injuries for deceits in sales — for warranties, or frauds, false affirmations, &e. See Esp Dig. 629, 630 If, on account of a horse warranted sound, the buyer should sell him again at a loss, an action might, perhaps, be maintained against the original seller, to recover the difference of price. Per Bd. Longhb. 1 H. i.l 19. Where the action is for money had aud received, an immediate return of the thing sold is necessary. Per Heath, 7. lb.
Let it he admitted, however, that in this form of action, it is allowable to the plaintiff to go for damages over and above the price paid, on the ground of an implied warranty, yet, it seems to me, the evidence given in this case was wholly insufficient to prove the necessary facts. It seems to me, from the report of the evidence, that the buyer could not have been ignorant at the time of the sale, of the unsoundness of the negro. The plaintiff’s brother, and his overseer, in whose care the negro was,'directly alter the sale, gave such evidence as excites the strongest suspicion, that the plaintiff did know of the unsoundness before the bargain was made. The bill of sale, or receipt, for the money paid for the negro, affords no evidence to my mind, that the negro was bought with the impression of his being sound, but rather the contrary ; for, as the bill of sale warrants the title, and says nothing as to the qualities of the negro, it is not unfair to presume, the qualities, or soundness, were not intended to be warranted ; and that the probable unsoundnes3 was taken into consideration, and guarded against in the contract. I think the evidence as to this point, ought to.have been submitted, as a doubtful question, to the jury. But this was not done, and, therefore, I think there ought to be a new trial.